UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LOGAN LAKE,

    Petitioner,

    v.                                   CAUSE NO. 3:21-CV-192-JD-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Logan Lake, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 to challenge his conviction for murder under Case No. 45G03-1003-MR-2. Following a trial, on April 18, 2011, the Lake Superior Court sentenced him to sixty years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The statute of limitations for habeas corpus cases is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the

>   Constitution or laws of the United States is removed, if the
>   applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was
>   initially recognized by the Supreme Court, if the right has
>   been newly recognized by the Supreme Court and made
>   retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or
>   claims presented could have been discovered through the
>   exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted toward any period of
> limitation under this subsection.

After reviewing the petition, the court finds that the date on which the judgment became final is the applicable starting point for calculating timeliness. On direct appeal, the Indiana Supreme Court denied Lake's petition to transfer on April 25, 2012. Therefore, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for petitioning the Supreme Court of the United States for a writ of certiorari expired on July 24, 2012. *See* U.S. Sup. Ct. R. 13(1) (petition for writs of certiorari must filed within 90 days after entry of judgment); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (when a state prisoner does not petition the Supreme Court of the United States on direct appeal, his conviction becomes final when the time for filing a petition expires). Two hundred nineteen days later, on January 28, 2013, Lake initiated post-conviction proceedings in State court, which tolled the federal limitations period. On August 31, 2017, the Court of Appeals of Indiana certified its decision as final after the time to file a petition to transfer had passed. *Lake v. State*, 45A05-1605-PC-1137, available

2

at https://public.courts.in.gov/mycase/. The federal limitations period expired one hundred forty-six days later on January 24, 2018. Lake did not file the petition in this habeas case until March 18, 2021, and he offers no explanation to account for this lengthy delay. Though he represents that he has made previous efforts to file a federal habeas petition, the court has no record of this filing. Nor is there any indication that these efforts took place within the limitations period or that Lake reasonably attempted to follow up with the court. Because Lake filed the petition more than three years too late, the court denies the petition as untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging Lake to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 1) because it is untimely;

(2) DENIES Logan Lake a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on March 23, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT